PEOPLE, PLAINTIFF AND APPELLEE, v. WALSH, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for a Violation of the Weights and Measures Act.

No. 1396.—Decided January 27, 1920.

WEIGHTS AND MEASURES—WRAPPER—NET WEIGHT OF HAMS.—The wrapper in which hams are ordinarily shipped by the packer and sold to the retailer is not a "container" within the meaning of section 17 of the Weights and Measures Act; therefore it is not a public offense to sell hams without having their net weights marked upon the wrappers.

The facts are stated in the opinion.

*Messrs. Charles Hartzell* and *F. Ramírez de Arellano* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

William Walsh was charged with a violation of section 17 of the Law of Weights and Measures through the sale of a lot of about 250 hams, "without having marked on the outside of the containers or wrappers of the said hams the net weight of the contents."

A demurrer for want of facts sufficient to constitute a crime was overruled and defendant having admitted the facts charged in the information was convicted and fined.

Section 17 of the law in question provides—

"That from and after the first day of February, 1914, all goods, wares or merchandise in boxes, packages, bundles or containers which shall be the object of industrial or commercial transactions, shall have the net weight or quantity thereof contained in said boxes, packages, bundles or containers, plainly marked upon the outside of such boxes, packages, bundles or containers, and it shall be unlawful to keep for the purpose of sale, offer or expose for sale or sell any such goods, wares, or merchandise which are not so marked. * * * "

The question is whether the "wrappers" mentioned in

the information as synonymous with ''containers'' are within the statutory prohibition.

A ruling by the Chief of the Bureau of Chemistry of the United States Department of Agriculture, construing the Federal Food and Drugs Act, Opinions by the Attorney Generals of a number of States and the decisions of several State courts are submitted by appellant. The administrative opinions are based on statements contained in letters or briefs prepared by packers or their counsel, and in the cases cited evidence was adduced to show the methods and purposes of wrapping meats as well as certain customs of the trade.

On behalf of The People it is pointed out that there is no evidence in the case at bar to show the character of the ''containers or wrappers'' involved herein. Had the *fiscal* been content to add nothing to the language of the law there might be some force in the suggestion.

That the words ''or wrappers'' were interpolated after ''containers'' in order to anticipate a possible variance in the proof seems to be reasonably apparent. The prosecution having charged ''containers or wrappers'' in the disjunctive cannot now be heard to insist that the defendant should have proven in the court below that the hams were sold in ''wrappers'' as distinguished from ''containers.'' This purely technical objection is not coupled with the remotest intimation that the ''wrappers'' referred to in the information are not identical with the ''wrappers'' involved wherever a distinction between *wrapper* and *container* has been drawn. In the circumstances we are disposed to give the defendant the benefit of the doubt in assuming that the prosecuting attorney used this alleged synonym in the light of the adjudicated cases as including and characterizing the well-known covers described in such decisions and in which hams are usually found in the hands of the retailer.

In the *State of New York* v. *Armour & Co.,* 162 N. Y. Supplement, 621, the court held that ''a container is a wrapper,'' saying that ''the covering of the bacon answers fully

to the definition of a wrapper." But in the same paragraph and immediately preceding this conclusion, as the self-evident basis thereof, section 17-*c* of the New York statute, so construed, is quoted verbatim as follows:

"A 'container,' as used in this article, following section 15 thereof, shall include any carton, box, crate, barrel, * * * wrapper, parcel or package."

Of course, if our legislature had specified "wrappers" in addition to the "boxes, packages, bundles or containers" enumerated in the act first above mentioned, the New York case on which so much stress is placed by the government would demand serious consideration.

In *State of Nebraska* v. *Swift & Co.*, 120 N. W. 1127, often cited in other jurisdictions, the court said:

"It appears that the district court, finding no conflict in the evidence, was of the opinion that hams and bacon wrapped in the manner disclosed in this case are not 'packages' within the meaning of that term as used in the statute; that the purpose of the act indicates that the term 'package' was intended to apply to such articles of food as are put up in artificially determined sizes or quantities, each parcel intended to pass without weighing or measuring as of a given weight or quantity; and that as hams and bacon, wrapped as shown in this case, are in natural rather than artificial sizes, necessarily varying in weight and quantity and never sold as of any fixed weight or quantity, they are not packages within the meaning of the statute.

*      *      *      *      *      *      *

"It must be conceded that the word 'package' is, at least, a vague term, and liable to various interpretations. It is well known that many articles of food are packed, bound or put together in sizes determined by the manufacturer, and intended to pass in trade from hand to hand as of a given weight or measure. For example, butter put up in bricks, intended to represent one pound each; strawberries packed in boxes supposed to hold a quart each; teas and coffee put up in pasteboard boxes, intended to pass as weighing one pound each, and so on through a great variety of foods. These are strictly packages within the meaning of the law. They are packed or put together, collected and made into forms and sizes convenient to pass

in trade from hand to hand. It is not so with a ham or a side of bacon. Their forms, sizes and weights are determined by natural processes, such as the size, weight and condition of the animal slaughtered, which are not within the control of the packer. They are not collected or put together, nor have they ever been known to be sold as of a given size, quantity or weight. For these reasons it seems clear that the trial court was right in holding that the ambiguous term 'package' was not intended to apply to a ham or a side of bacon, concerning which no custom has ever existed that it shall pass in trade as of a given weight or quantity.''

On the same principle we are constrained to hold that the wrapper in which hams are ordinarily shipped by the packer and sold to the retailer is not a "container" within the meaning of section 17 of the Law of Weights and Measures.

The judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.